**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.               ) | Criminal No. 10-117 |
| ) | Judge Nora Barry Fischer |
| JASON MORENO,         ) | |
| ) | |
| Defendant.        ) | |

## PRETRIAL ORDER

**AND NOW**, this **19th day of February, 2013**, upon consideration of the parties' objections to the draft pretrial order previously circulated to counsel for the parties during a status conference held on February 6, 2013 (Docket No. 74) and the parties' proposed pretrial order submitted to the Court by email on February 19, 2013, and finding that the pretrial procedures and deadlines set forth herein are necessary to the fair adjudication of this case, and for the resolution of as many disputed issues between the parties prior to the commencement of trial, so as to avoid unnecessary interruptions during the trial, the Court **HEREBY ORDERS** as follows:

**A.   Final Pretrial Orders**

1. **Jury Selection & Trial**.  Jury selection and trial is set to commence on **Wednesday, September 4, 2013 at 9:30 a.m.,** in Courtroom 5B, 5th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

2. The Court shall conduct a pretrial conference in this case on **Wednesday, August 28, 2013 at 9:00 a.m.**  A preliminary pretrial conference with the Court's law clerk shall be held on **Wednesday, August 21, 2013 at 10:00 a.m.**  Defendant need not attend the preliminary pretrial conference.

3. **Exchange of Witness Lists and Exhibits**.

a. The government shall file with the Court a list of trial witnesses, under seal, listing separately the witnesses it will call and the witnesses it may call if needed (other than purely for impeachment or rebuttal).  For each witness listed the government shall provide an offer of proof explaining the substance of the witness' testimony.  The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font.  Said witness list and offers of proof need not be served on defendant, and shall be due by on **August 30, 2013 at 12:00 p.m.**

b. Defendant shall file with the Court, under seal, his or her list of trial witnesses, <u>excluding defendant</u>, listing separately the witnesses it will call and the witnesses it may call if needed (other than purely for impeachment or rebuttal).  For each witness listed Defendant shall provide an offer of proof explaining the substance of the witness' testimony.  The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font.  Said witness list and offers of proof need not be served on the government, and shall be due by on **August 30, 2013 at 12:00 p.m.**

c. All exhibits must be exchanged and marked in advance of trial. The Court granted the Government leave to mark the exhibits with letter reference to the source of the documents and corresponding numbers.  The Government and Defendant will provide Final Trial Exhibit Lists to the Court by **August 30, 2013 at 12:00 p.m.** The Court shall receive any disputed exhibits along with corresponding objection charts and briefs, of no more than five (5) pages, if either party chooses to submit them, by **August 26, 2013 at 12:00 p.m.**  Said chart(s) shall be provided to the

    Court, in hard copy and email form, identifying each exhibit by number and name, providing a brief description of the nature of the objection (if any), and a space for the Court's ruling on the objection(s).  Any such objections will be resolved at or before the pretrial conference.

  d. The Government's and Defendant's sets of hard copy exhibits and three (3) disks containing digital copies of same, shall be provided to the Court by the Government no later than **August 30, 2013 at 12:00 p.m.**

  e. Voluminous data shall be presented by summary exhibits pursuant to Fed.R.Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel).  Where copies of documents are offered, the originals shall be available for examination, unless waived by stipulation.  To the extent government or defense counsel use spreadsheets or charts, both parties will retain the exhibits that pertain, in the event the Court must rule on any challenges.

4. **Jencks Act - Impeachment Materials - Rule 404(b).**  The government shall provide defense counsel with copies of any *Brady/Giglio* impeachment materials not previously disclosed, and any additional evidence of defendant's uncharged conduct which it intends to introduce at the trial pursuant to Federal Rule of Evidence 404(b) on or before **August 23, 2013 at 12:00 p.m.**  The government is encouraged to provide all Jencks Act materials prior to the pretrial conference.

5. **Motions**.  The parties shall file all motions in limine, including motions under Fed.R.Evid. 104(a), and motions to limit or sever issues, together with supporting briefs or

memoranda of law, by **August 19, 2013 at 12:00 p.m.**     Responses shall be filed by **August 22, 2013 at 12:00 p.m.**     All briefs supporting or opposing such motions are limited to 5 pages.  Argument on all motions shall be heard at the pretrial conference**.**

      6.     **Proposed Jury Instructions & Verdict Slips**.   Counsel shall meet in an attempt to agree on a joint set of proposed <u>substantive</u> jury instructions regarding the offenses charged and their elements, the theory of the defense, and any matters <u>particular or unique</u> to this case; the parties need not submit "boilerplate" or standard criminal jury instructions. After said meeting, and on or before **August 26, 2013 at 12:00 p.m.,** counsel file a <u>unified</u> (meaning one) combined set of proposed instructions, and shall e-mail a copy of the proposed instructions to the law clerk assigned to the case, or alternatively, deliver a computer disk/CD to chambers containing the instructions in Microsoft Word format.    The filed set of instructions shall include both the agreed upon instructions and the proposed instructions to which the parties have not agreed.   Each agreed upon instruction shall include the following notation at the bottom: "This proposed instruction is agreed upon by the parties."   Each instruction to which the parties have not agreed shall indicate at the bottom the name of the party proffering the instruction.   Proposed instructions by different parties shall by grouped together (i.e., instruction should be matched with counter instructions).

    A charging conference will be held, at which time a ruling will be made on each disputed point for charge and a copy of the Court's proposed charge will be supplied to counsel.   Counsel are required to state objections to the proposed charge at the charging conference and to supply the alternate language, together with case authority.

    <u>The Court will not accept separate proposed jury instructions from the parties</u>.

    A joint verdict slip shall be filed by **August 26, 2013 at 12:00 p.m.**

7.      **Voir Dire**.  Counsel are permitted to supplement the standard questions provided that the proposed supplemental voir dire questions are submitted to the Court in writing by **August 26, 2013 at 12:00 p.m.**   Voir dire questions will be asked by the Court, with as many questions as possible asked of the panel en banc.   Individual voir dire will be limited in the interest of conserving time.

The government shall have six (6) peremptory challenges and the defense shall have ten (10) peremptory challenges collectively.   Each side shall have one challenge for two alternate jurors.

8.      **Joint Stipulations**.   The parties shall file joint stipulations by **August 30, 2013 at 12:00 p.m.**    All possible stipulations shall be made as to:

 a. Facts;
 b. Issues to be decided;
 c. The authenticity and admissibility of exhibits;
 d. Expert qualifications and reports; and,
 e. Deposition testimony to be read into the record.

Counsel shall meet at a mutually convenient time and place to produce the joint stipulation in time for filing as ordered.

9.      **Neutral Summary of charges and defenses.**   The parties shall file a neutral summary of the indictment and a brief statement of the defense which will be read to the jury to introduce the trial and to be read to the venire before jury selection by **August 26, 2013 at 12:00 p.m.**

**B. Trial Procedure**

1. **Hours**.  Court is in trial session, unless otherwise ordered by the Court, Monday through Friday, 9:00 AM to 5:00 PM with breaks where appropriate.  **All counsel are expected to be in their seats and ready to commence at the appointed times.**

2. **Exhibits**.  Because counsel will have previously marked and exchanged all exhibits and provided a copy to the Court, it will not be necessary during the trial to show exhibits to opposing counsel prior to using them.

3. **Approaching the Witness**.  It is not necessary for counsel to request permission to approach a witness.

4. **Testifying Officers and Agents**. All testifying law enforcement officers and agents shall have any reports or declarations they have prepared or used to refresh their recollections with them on the witness stand. All witnesses who will testify about the content of documents will review those documents prior to taking the stand and be prepared to answer questions about document contents based on their prior reading.

5. **Opening and Closing Statements**.  Up to one (1) hour is permitted to each side for opening and closing statements, depending on the complexity of the case.  Counsel may use exhibits or charts in opening argument provided that the same have been provided to opposing counsel beforehand and either agreement was reached or the Court has ruled upon the matter.

6. **Side Bar Conferences**.  The Court believes that counsel should be considerate of the jurors' time.  Consequently, side bar conferences are highly disfavored because they waste the jury's time and unduly extend the length of the trial.  Counsel will meet with the Court at **8:30 a.m.** each day (or earlier if necessary to ensure that trial commences on time) each day to raise points of evidence or other issues that would otherwise necessitate a side bar conference.  Failure

to raise the issue at that time will generally result in a disposition of the in-court objection in the presence of the jury.   If necessary, counsel and the Court may amplify their objections and rulings on the record after the jury has been excused for a break, for lunch or for the day.

The Court will be available at **8:30 a.m.** each morning to address such evidentiary and other issues.   It is the responsibility of counsel to notify other counsel of the need for a conference at **8:30 a.m.** and all other counsel will be expected to be there at the appointed time for argument. **THE COURT WILL NOT DELAY THE PROCEEDINGS TO RESPOND TO LAST MINUTE REQUESTS FOR CONFERENCES TO DISCUSS MATTERS WHICH, IN THE EXERCISE OF REASONABLE DILIGENCE, COULD HAVE BEEN HEARD AT THE MORNING CONFERENCE.**

7. **Witness List.**   Counsel shall provide opposing counsel throughout the trial with a list of the next day's witnesses in the order they are expected to be called.   The same procedure will be employed by both sides at the end of each trial day.   Counsel should be sure that they have adequate witnesses to fill the time allotted each day.

8. **Note Taking**.   The jury shall be permitted to take notes, and will be given detailed cautionary instruction as to their appropriate use.

9. **Jury Questions**.   All written questions submitted by the jury are supplied to counsel.   Counsel and the Court will meet to discuss and hopefully agree on a reply.   The jury is then summoned to the Courtroom in most cases and the verbal reply is given to them.   A written reply is provided where appropriate.

10. **Jury Instructions**.   A copy of the jury instructions shall be provided to the jury for use during its deliberations.

11. **Jury Access to Exhibits**.   Unless otherwise advised by counsel, it will be assumed that all admitted exhibits will be sent out with the jury.

 

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: All counsel of record
Jason Moreno c/o Michael DeRiso, Esq.
Pretrial / Probation Office
U.S. Marshal